UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:17-cv-00131 |
| | ) | |
| COLONY PPC, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its undersigned counsel, and for its Original Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) would respectfully show the Court the following:

**I.**
## JURISDICTION AND VENUE

1.      This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

2.      Venue is proper in this district pursuant to 28 U.S.C. 1391(a), in that the events or omissions occurred, and the subject property is situated within this district.

**II.**
## PARTIES AND POLICY

3.      At all times relevant hereto, Mt. Hawley was an insurance company organized under the laws of the State of Illinois, maintaining its principal place of business at 9025 North Lindbergh Drive in Peoria, State of Illinois.  Thus, Mt. Hawley is a citizen of the State of Illinois, and is not a citizen of the States of Texas or Nevada.

4.     At all times relevant hereto, Colony PPC, L.P. ("Colony") was a limited partnership organized under the laws of the State of Texas, maintaining its principal place of business at 235 W. Brooks Ave., 2nd Floor, North Las Vegas, NV 89030.  The general partner of Colony is Colony PPC GP, LLC, a Texas limited liability company with its principal place of business at 235 W. Brooks Ave., 2nd Floor, North Las Vegas, NV 89030.  The members of Colony PPC GP, LLC are: Hagai Rapaport, Rafael Bega, and Michelle Palmer (aka Annie Michelle), who are all individual citizens of the State of California.  Colony may be served through its registered agent, James Johnson, 2625 N. Josey Ln., Ste. 303, Carrollton, Texas 75007. Thus, Colony is a citizen of the States of Texas, California, and Nevada, but not the State of Illinois.

5.     Colony was the named insured under a commercial property policy of insurance issued by Mt. Hawley, policy number MCP0162400, policy period December 14, 2015 to December 14, 2016 (the "Policy").  A certified copy of the Policy is attached hereto and incorporated herein as **Exhibit "A"**.

6.     The property insured under the Policy was located at 5000 Main Street, The Colony, Texas 75056 (the "Property").  The Property consists of a retail shopping center.

7.     At all times relevant hereto, Colony was the owner of the Property.

### III.
### OCTOBER 25, 2016 LOSS

8.     On or about November 2, 2016, Colony submitted a claim for damage to the parking lot, unattached retaining wall, and underground pipes of the Property, which it alleged was caused by broken water pipes first discovered on October 25, 2016 (the "Claim").

9.     In response to the November 2, 2016 notice, Mt. Hawley assigned Steven Phillips of Engle Martin & Associates ("EMA") to inspect the Property for damage.

10.     On November 4, 2016, Mr. Phillips, along with Art Velez of T&R Construction Group (Colony's concrete contractor), and Roxy Robinson (Colony's onsite property manager), inspected the Property.  During the inspection, EMA found areas of the parking lot that had been removed by T&R.  T&R had already been repairing the parking lot since at least June 2016, months before reporting this loss to Mt. Hawley.  T&R had also been repairing the retaining wall and broken underground pipes at the time of the inspection.  Although Mt. Hawley denies there is coverage for the Claim, EMA estimated the cost to repair the claimed damage at $100,000.

11.     On November 21, 2016, Mt. Hawley informed Colony that it was investigating the loss under a reservation of rights, but that paved surfaces, the unattached retaining wall, and underground pipes were considered "Property Not Covered" under the Policy.  *See* November 21, 2016 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "B"**.

12.     On or about December 5, 2016, Mt. Hawley denied coverage for the Claim.  *See* December 5, 2016 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "C"**.

13.     On or about December 14, 2016, Mr. Randal Dean of Brown Pruitt Wambsganns Ferrill & Dean, P.C. notified Mt. Hawley that Colony retained him in connection with Claim. According to Mr. Dean, Colony's alleged loss resulted from "a sudden fire hydrant leak and release of water."  *See* December 14, 2016 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "D"**.

14.     On or about December 20, 2016, Colony requested a re-inspection of the Property.

15.    On January 17, 2017, Mr. Phillips, along with representatives of Mt. Hawley's engineering consultants, Unified Building Sciences & Engineering, Inc. ("UBSE") and Colony's counsel, Heather Sutton, inspected the Property.  Subsequent to the January 17, 2017 inspection, UBSE prepared a report concluding that distress to the parking lot has been a long-term and ongoing issue since at least 2005.  *See* February 3, 2017 report, a true and correct copy of which is attached and incorporated herein as **Exhibit "E"**.

16.    On February 21, 2017, Mt. Hawley notified Colony that the re-inspection did not change Mt. Hawley's prior determination that there was no coverage for Colony's Claim under the Policy.  *See* February 21, 2017 letter, a true and correct coy of which is attached and incorporated herein as **Exhibit "F"**.

## THE POLICY

17.    The Claim was submitted under the Mt. Hawley Policy, which has a total policy limit of $4,444,000.  The Policy provides potential coverage for direct physical loss or damage to the Property, subject to all conditions, limitations, and exclusions therein.  The deductible is $10,000 per occurrence.  The Declarations Page of the Policy identifies "CAUSES OF LOSS" as "Special including Equipment excluding Earthquake and Flood."  Thus, the CAUSES OF LOSS-SPECIAL FORM applies to the Claim.  *See* **Exhibit "A"**.

18.    The Policy provides, in relevant part, as follows:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and is limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

### 2. Property Not Covered

**Covered Property** does not include:

. . .

**d.** Bridges, roadways, walks, patios or other paved surfaces;

**f.** The cost of excavations, grading, backfilling or filling;

**g.** Foundations of buildings, structures, machinery or boilers if their foundations are below:

   **(1)** The lowest basement floor; or

   **(2)** The surface of the ground, if there is no basement;

**h.** Land (including land on which the property is located), water, growing crops or lawns;

. . .

**k.** Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

**l.** Retaining walls that are not part of a building;

**m.** Underground pipes, flues or drains;

### COMMERCIAL PROPERTY CONDITIONS

### H.    POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

**1.**    We cover loss or damage commencing:

    **a.**    During the policy period shown in the Declarations; . . .

19.    As discussed above, Mt. Hawley disputes that the parking lot, unattached retaining wall or underground pipes constitute "**Covered Property**" under the Policy.  To the contrary, Section **A.2.** of the Policy clearly and unambiguously provides that they constitute "**Property Not Covered**."  As such, there can be no recovery for damage to the parking lot, unattached retaining wall, or underground pipes.

20.    In addition, upon information and belief, Colony's claimed damage did not commence during the Policy Period, and has been an ongoing issue since 2005.  Pursuant to

Condition **H.1.a.** above, there is no coverage under the Policy for loss or damage commencing prior to December 14, 2015.

21.     The following Policy provisions are also applicable to the Claim and specifically limit and/or exclude coverage:

**CAUSES OF LOSS – SPECIAL FORM**

**A. Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

**1.** Excluded in Section **B.**, Exclusions; or

**2.** Limited in Section **C.**, Limitations;

that follow.

**B. Exclusions**

**1.**     We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**b.     Earth Movement**
. . .

**(4)** Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty.  Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.

But if Earth Movement, as described in **b.(1)** through **(4)** above, results in fire or explosion, we will pay for the loss or damage caused by that fire or explosion.

**g.     Water**
. . .

**(4)** Water under the ground surface pressing on, flowing or seeping through:

**(a)** Foundations, walls, floors or paved surfaces;

But if Water, as described in **g.(1)** through **g.(4)** above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion, or sprinkler leakage.

2.    We will not pay for loss or damage caused by or resulting from any of the following:

    **d.**    **(1)**    Wear and tear;

           **(2)**    Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

           **. . .**

           **(4)**    Settling, cracking, shrinking or expansion;

But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

    **f.**    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

    **m.**    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3.    We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.**  But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **c.**    Faulty, inadequate or defective:

           **(1)**    Planning, zoning, development, surveying, siting;

           **(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

           **(3)**    Materials used in repair, construction, renovation or remodeling; or

           **(4)**    Maintenance;

        of part or all of any property on or off the described premises.

. . . .

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**3. Duties In The Event Of Loss Or Damage**

    **a.**    You must see that the following are done in the event of loss or damage to Covered Property:

        . . . .

        **(2)**    Give us prompt notice of the loss or damage.  Include a description of the property involved.

        **(3)**    As soon as possible, give us a description of how, when and where the loss or damage occurred.

        **(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order of examination.

22.    As set forth above, Mt. Hawley has determined that Colony did not sustain direct physical loss or damage to **Covered Property** during the Policy period.

23.    In addition, Exclusion **B.1.b.(4)** above clearly excludes loss or damage caused directly or indirectly by ground movement.  To the extent any of Colony's alleged damage resulted from ground movement, there can be no coverage under the Policy.

24.    In addition, Exclusion **B.1.g.(4)(a)** above clearly excludes loss or damage caused directly or indirectly by underground water that presses on, or flows or seeps through paved surfaces.  To the extent any of Colony's alleged damage resulted from underground water pressing on, or flowing or seeping through paved surfaces, there can be no coverage under the Policy.

25.    In addition, Exclusion **B.2.d** above excludes loss or damage caused by, among other things, wear and tear, decay, deterioration, settling, cracking, shrinking, and expansion. There is no coverage to the extent Colony's alleged damage was caused by any of the items listed in Exclusion **B.2.d**.

26.    In addition, Exclusion **B.2.f.** above excludes loss or damage caused by continuous or repeated seepage or leakage of water occurring over a period of 14 days or more.  There is no coverage under the Policy to the extent Colony's alleged damage was caused by continuous or repeated seepage or leakage of water occurring over a period of 14 days or more.

27.    In addition, Exclusion **B.2.m.** above excludes coverage for loss where the Insured neglects to use all reasonable means to save and preserve property from further damage at and after loss.  There is no coverage under the Policy to the extent Colony's loss or damage was caused by Colony's failure to use all reasonable means to save and preserve the Property from further damage at and after the time of loss.

28.    In addition, Exclusion **3.c.** above excludes coverage for loss caused by or resulting from faulty, inadequate, or defective planning, zoning, development, surveying, siting, workmanship, repairs, construction, grading, compaction, materials used in repairs, and maintenance.  Any damage or loss caused by or resulting from any of the items identified in Exclusion **3.c.** are excluded by the Policy.

29.    In addition, as set forth above, Colony did not notify Mt. Hawley of the claimed loss until after repairs had been ongoing for at least five months.  As such, Colony's non-compliance with the prompt notice requirement of **Condition E.3.a.(2)** negates any coverage for the Claim.

30.     Moreover, upon information and belief, Colony made claims with its prior insurance carriers for the same damage at issue in the Claim.  To the extent Colony's claimed loss commenced prior to the inception of the Policy on December 14, 2015, there can be no coverage for this loss, both under the Policy itself as well as under the known loss doctrine.

## COUNT I – DECLARATORY JUDGMENT

31.     Mt. Hawley adopts and repeats the allegations of Paragraphs 1 through 30 as and for Paragraph 31 hereof as though the same were fully set forth herein.

32.     Mt. Hawley requests that this Court declare the rights of the parties regarding the actual controversies existing between them as set forth herein.

WHEREFORE, Plaintiff, Mt. Hawley Insurance Company, prays that this Court enter judgment finding and declaring the rights of the parties as follows:

A.     That Colony did not sustain direct physical loss or damage to Covered Property during the Policy period;

B.     That the parking lot, unattached retaining wall, and underground pipes are "Property Not Covered" under the Policy;

C.     That the Policy excludes coverage for any loss of or damage to the parking lot, unattached retaining wall, and underground pipes at the Property;

D.     That Mt. Hawley does not owe Colony any sums in connection with the Claim; and

E.     That the Court grant Mt. Hawley Insurance Company such other and further relief as it deems just and fit under the circumstances.

Respectfully submitted,

/s/Greg K. Winslett
GREG K. WINSLETT
Lead Counsel
Tx. State Bar No. 21781900
gwinslett@qslwm.com
MICHAEL D. FEILER
Tx. State Bar No. 24055475
mfeiler@qslwm.com

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

***ATTORNEYS FOR MT. HAWLEY INSURANCE
COMPANY***

4826-6627-2064, v. 1